JUSTIN A. PALMER, ESQ. [SBN. 270857]
**FILER | PALMER, LLP**
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Phone:        (562) 304-5200
Facsimile:    (562) 394-0504

Counsel for Plaintiff,
GLENN THOMAS

*(left margin, vertical text)* FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

GLENN THOMAS

        Plaintiff,

    vs.

CITY OF FONTANA; ADAM
CLABAUGH (BADGE NO. 842);
JOHN COLLOPY (BADGE NO: 998);
JUSTIN LAING; JOSHUA PATTY
and DOES 1 – 10, inclusive.

        Defendants.

Case No.

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

1) Fourth Amendment – Unreasonable Detention & Arrest without warrant or probable cause (42 U.S.C. §1983)
2) Unreasonable Search & Seizure – Excessive Force
3) Municipal Liability – Ratification (42 U.S.C. §1983)
4) Municipal Liability - Unconstitutional Custom, Practice or Policy (42 U.S.C. §1983)
5) False Arrest/False Imprisonment
6) Battery
7) Negligence
8) Violation of Bane Act

**DEMAND FOR JURY TRIAL**

    Glenn Thomas (hereafter "Plaintiff") complains against **Defendants City of Fontana; Officer Adam Clabaugh (Badge No. 842); Officer John Collopy (Badge No: 998); Justin Laing; Joshua Patty and Does 1 – 10**, as follows:

p-complaint.jap.docx

1

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

## VENUE AND JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C §§1331 and 1343 (1), (2), (3) and (4), and the aforementioned Constitutional provisions. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the City of Fontana, California, which is within this judicial district pursuant to 28 U.S.C. §1391.

## INTRODUCTION

3.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the force used during the arrest of Plaintiff, Glenn Thomas.

4.      This action is brought by Plaintiff, Glenn Thomas, a resident of Fontana, California. At all times in this Complaint, Plaintiff was a citizen of the State of California.

## PARTIES

5.      At all relevant times, Defendant **CITY OF FONTANA ("CITY")** is and was a municipal corporation existing under the laws of the State of California. At all relevant times, **CITY** was the employer of Defendants **Adam Clabaugh (Badge No. 842); John Collopy (Badge No: 998); Justin Laing; Joshua Patty and Does 1 – 5 inclusive**.

6.      **Defendants Clabaugh Justin Laing; Joshua Patty and DOES 1-5** are police officers working for the City of Fontana Police Department. **Clabaugh Justin Laing; Joshua Patty and DOES 1-5** were acting under color of law within the course

**COMPLAINT FOR DAMAGES**

and scope of their employment with the **CITY** of Fontana and its Police Department when they arrested Plaintiff on March 14, 2019 and were acting with the complete authority and ratification of their principal, Defendant **CITY** at all relevant times.

7.     Defendant **John Collopy** was a police officer working for the City of Fontana Police Department at the time of this incident. **Collopy** was acting under color of law within the course and scope of his employment with the **CITY** and its Police Department when he detained, arrested and assaulted Plaintiff on March 14, 2019. **Collopy** was acting with the complete authority and ratification of his principal, Defendant **CITY** at all relevant times.

8.     Defendant **COLLOPY** is no longer employed with the **CITY**. Plaintiff is informed and, on that basis, alleges **COLLOPY** was terminated sometime after these events giving rise to this Complaint.

9.     At all relevant times defendants **CLABAUGH and COLLOPY, JUSTIN LAING; JOSHUA PATTY and DOES 1-5**, were duly authorized employees and agents of **CITY**, who were employees and/or agents of the City of Fontana and/or its Police Department, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY. At all relevant times, Defendants **CLABAUGH and COLLOPY, JUSTIN LAING; JOSHUA PATTY and DOES 1-5, inclusive** were duly appointed officers and/or employees or agents of **CITY**, subject to oversight and supervision by CITY's elected and non-elected officials.

10.     In doing the acts and failing and omitting to act as hereinafter described, **Defendants CLABAUGH, COLLOPY AND DOES 1-5,** inclusive ere acting on the implied and actual permission and consent of CITY.

11.     The true names of **Defendants DOES 1-5 ("DOE OFFICERS")**, are police officers working for the Fontana Police Department at the time of this

**COMPLAINT FOR DAMAGES**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

incident. **DOE OFFICERS** were acting under color of law within the course and scope of their employment with the Fontana Police Department at all relevant times. **DOE OFFICERS** were acting with the complete authority and ratification of their principal, Defendant **CITY** at all relevant times.

12. Defendants **DOES 6 – 10** ("**SUPERVISORY DOES**") are managerial, supervisorial, and policymaking employees of the Fontana Police Department, who at all relevant times were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Fontana Police Department. SUPERVISORY DOES were acting with the complete authority and ratification of their principal, Defendant **CITY**.

13. On information and belief, at all relevant times **DOES 1-10** were residents of the City of Fontana.

14. The true names **of DOES 1-10** inclusive, are unknown to Plaintiff, who otherwise sue these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these defendants when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct or liabilities alleged herein.

15. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

16. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

17. All Defendants who are natural persons, including DOES 1-10, are sued individually and in their official capacities as officers, sergeants, captains,

**COMPLAINT FOR DAMAGES**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the Fontana Police Department.

18.     Plaintiff suffered injuries as a direct and proximate result of the actions of **CLABAUGH and COLLOPY, JUSTIN LAING; JOSHUA PATTY and DOES 1-5.**

19.     **CLABAUGH and COLLOPY, JUSTIN LAING; JOSHUA PATTY and DOES 1-5** are directly liable for Plaintiff's injuries and damages under federal law pursuant to 42 U.S.C. § 1983.

20.     Defendants CITY and SUPERVISORY DOES are liable for Plaintiff's injuries under California law and under the doctrine of <u>respondeat superior</u>. Liability under California law for public entities and public employees is based upon California <u>Government Code</u> §§ 815.2, 820, and 820.8.

## TORT CLAIM ALLEGATIONS

21.     On September 9, 2019, Plaintiff filed comprehensive and timely claims for damages with the City of Fontana pursuant to applicable sections of the California <u>Government Code</u>.

22.     On October 24, 2019, Plaintiff's claim was deemed rejected by operation of law pursuant to the applicable sections of the California <u>Government Code</u>.

### Allegations Regarding Tolling

23.     On April 6, 2020, the California Judicial Council issued Emergency Order No. 9, formally tolling the period for civil actions until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted. As of this date, the Governor has not made such declaration, making this action timely.

## FACTS COMMON TO ALL COUNTS

24.     On March 14, 2019, at approximately 2:45 p.m., Plaintiff was relaxing in the comfort of his own home in the City of Fontana. At the time of the incident,

**COMPLAINT FOR DAMAGES**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

Plaintiff was a sixty-one (61) year old man enjoying retired life with his wife. While at home, Plaintiff heard a knock on his front door and was greeted by an unknown man who claimed his small dog had entered Plaintiff's backyard. Unbeknownst to Plaintiff, the man was man Defendant **Collopy**, an undercover officer in the Gang Unit of the Fontana Police Department.

25.      After greeting the man, Plaintiff agreed to check for the dog in his backyard. Plaintiff walked to his backyard, searched for the dog in his backyard and returned to the front door to deliver the news.  Plaintiff told **Collopy** he did not see his dog and that he should try looking for him next door as he believed the dog may have entered the neighbor's backyard.

26.      Without warning or probable cause, **Collopy** ran up to Plaintiff's door**,** swung it open, and grabbed Plaintiff's left arm and twisted it backwards. **Collopy** then forced Plaintiff onto the ground and accused him of a crime.  **Collopy** did not identify himself as a police officer, present any identification suggesting he was a police officer or tell Plaintiff he was under arrest.

27.      During the take down, Plaintiff pleaded for his life and asked **Collopy** who he was.

28.      **Collopy** forced Plaintiff onto the floor, placed him in handcuffs and accused him of committing a crime. Surprised by the altercation, Plaintiff asked **Collopy** who he was because **Collopy** did not present any identification suggesting he was a police officer. **Collopy** also punched Plaintiff in the face as he tackled him onto the ground.

29.      After placing Plaintiff in handcuffs, **Collopy** told Plaintiff he was looking for Donald Zsemonadi, who was wanted on a warrant for fraud out of New York State.

30.      Within moments, roughly six (6) additional police officers, including **CLABAUGH and COLLOPY, JUSTIN LAING; JOSHUA PATTY and DOES**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES**

**1-5** entered Plaintiff's home with guns and began to search the home. While Plaintiff was in handcuffs. Fontana officers refused to provide Plaintiff with any warrant or documentation supporting the search of his home. During the detention, Plaintiff continued to tell the officers they were mistaken as to his identity, and repeatedly offered to provide it to prove he was not the person they were searching for. Nevertheless, Defendants believed Plaintiff was Donald Zsemonadi, even though Plaintiff explained that he did not know Donald Zsemonadi's whereabouts and he had not seen him in years.

31.     Eventually, Plaintiff's wife arrived and further witnessed the illegal detention. She told FPD officers she did not know where her brother was and that he did not live in her home. Still, the police officers continued to search the home and detained Plaintiff. Plaintiff's wife explained he was not the person they were looking for and he had not committed a crime. After being detained for more than an hour Defendant PATTY took Plaintiff's fingerprints, discovered that there weren't any matching prints on file and left. FPD officers never produced the warrant they claimed to have supporting Plaintiff's detention.

32.     After the detention, Fontana produced a document it claims is a warrant, which allegedly supports the basis for the detention and search of Plaintiff's home. The "warrant" is dated one day after the incident, and mentions a twin brother, who was not present for the attempted detention. And the "warrant" includes an entry line directing law enforcement agencies to confirm warrant and extradition with the originating agency identifier, with a sent time of 15:14:45 one day after the incident.

33.     The information Defendants relied on was insufficient to implicate Plaintiff in any alleged crime whatsoever. First, the "warrant" supporting the detention was submitted after **Collopy** had detained Plaintiff.  Indeed, **Collopy** apprehended Plaintiff at approximately 14:15 p.m. – nearly an hour before the

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES**

"warrant" was sent to Fontana Police Department. And, Plaintiff requested **Collopy** furnish a copy of the warrant during the detention.  **Collopy** refused to do so.



34.    In addition, Zsemonadi was described as a black male, 5'6 tall with a bald head and weighing 170 lbs. To support the detention, FPD officers produced the following photograph of Zsemonadi represented on the left.



35.    Plaintiff is not bald and other than being African American, bears no resemblance to the photograph produced by Collopy. A true and correct picture of Plaintiff as he appeared on the date of the arrest is produced to the right:




36.    At all relevant times, Plaintiff posed no immediate threat or danger to the officers or any other individual. Because of the beating, Plaintiff suffered physical injuries, including a torn rotator cuff, eye damage and psychological injuries.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT FOR DAMAGES**

**FIRST CLAIM FOR RELIEF**

**Fourth Amendment – Detention and Arrest (42 U.S.C. §1983)**

(By Plaintiff against **CLABAUGH and COLLOPY, LAING; PATTY and DOES 1-5**)

37.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

38.     On or around March 14, 2019, Defendants **CLABAUGH and COLLOPY, LAING; PATTY and DOES 1-5** entered Plaintiff's property without a warrant, probable cause, exigent circumstances, or consent, and detained and arrested Plaintiff without probable cause or reasonable suspicion that a crime was committed while acting under color of law as a police officer.

39.     On or around March 14, 2019, the "warrant" Defendants **CLABAUGH and COLLOPY, LAING; PATTY and DOES 1-5** produced to justify the intrusion of Plaintiff's home was printed at 15:14:45 – an hour after Plaintiff was detained.

40.     When **CLABAUGH and COLLOPY, LAING; PATTY and DOES 1-5** entered Plaintiff's home, they violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution, and as applied to state actors by the Fourteenth Amendment.

41.     The Conduct of **CLABAUGH and COLLOPY, LAING; PATTY and DOES 1-5** was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants **CLABAUGH and COLLOPY, LAING; PATTY and DOES 1-5**.

42.     Plaintiff alleges that all of the defendants were integral participants to the conduct that gives rise to Plaintiff's Fourth Amendment violations based on their actions, omissions, failed to intervene to prevent the constitutional violations against

**COMPLAINT FOR DAMAGES**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

the Plaintiff, and/or contributed in some manner to the conduct that led to Plaintiff's injuries.

43.    As a result of his misconduct, Defendants **CLABAUGH and COLLOPY, LAING; PATTY and DOES 1-5** are liable for Plaintiff's injuries, including physical pain and suffering, loss of enjoyment of life, and other damages to be proven at trial. Plaintiff also seeks attorney fees under this claim.

**SECOND CLAIM FOR RELIEF**

**Fourth Amendment – Excessive Force (42 U.S.C. §1983)**

(By Plaintiff against **CLABAUGH and COLLOPY, LAING; PATTY and DOES 1-5**)

44.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

45.    Defendants, **CLABAUGH and COLLOPY, LAING; PATTY and DOES 1-5** while acting under color of law as a police officer used excessive force against Plaintiff when they grabbed him, slammed him to the ground and punched him in the face and body. These acts deprived Plaintiff of his right his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

46.    As a result, Plaintiff suffered great pain and suffering and emotional distress, physical impairment, incurred medical expenses, and loss of enjoyment of his life.

47.    The beating was excessive and unreasonable, as Plaintiff posed no immediate threat or serious bodily injury at the time of the incident. Further, Defendants **CLABAUGH and COLLOPY, LAING; PATTY and DOES 1-5** use of force violated their training and standard police officer training.

**COMPLAINT FOR DAMAGES**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

48.     Plaintiff alleges that all of the defendants were integral participants to the conduct that gives rise to Plaintiff's Fourth Amendment violations based on their actions, omissions, failed to intervene to prevent the constitutional violations against the Plaintiff, and/or contributed in some manner to the conduct that led to Plaintiff's injuries.

49.     The conduct of Defendants **CLABAUGH and COLLOPY, LAING; PATTY and DOES 1-5** was willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety and therefore warrants the imposition of exemplary and punitive damages.

### THIRD CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. §1983)

(By Plaintiff against Defendants **CITY and SUPERVISORY DOES**)

50.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

51.     At all relevant times, Defendants, **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5 were** acting under color of state law.

52.     The acts of Defendants, **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** as described above deprived Plaintiff of his rights under the United States Constitution.

53.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5**, ratified (or will ratify) Defendant **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendant **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** acts, which include the use of

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES**

excessive force against Plaintiff as well as the unreasonable detention and arrest of Plaintiff.

54.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** were "within policy."

55.     Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement. Plaintiff also seeks costs and attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

### Municipal Liability – Practice & Custom (42 U.S.C. §1983)

### (By Plaintiff against Defendants CITY and SUPERVISORY DOES)

56.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

57.     On March 14, 2019 when Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** entered Plaintiff's home and detained him, they were actin pursuant to an expressly adopted official policy of the City of Fontana.

58.     On March 14, 2019 when Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** entered Plaintiff's home and detained him, they were actin pursuant to longstanding practice of the City of Fontana.

59.     On March 14, 2019 when Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** entered Plaintiff's home and detained him, they were acting pursuant to longstanding custom of the City of Fontana.

60.     Plaintiff is informed Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** were not disciplined, reprimanded retrained, suspended, or otherwise penalized in connection with the detention and arrest of Plaintiff.

61.     At all relevant times, Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** were acting within the course and scope of their duties with the CITY OF FONTANA.

62.     Defendants **CITY OF FONTANA** together with other **CITY** policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    a.  For years, the **CITY OF FONTANA** has employed and in some cases encourages the longstanding practice of using excessive force and executing no-knock warrants and armed raids without probable cause, which in turn has resulted in the widespread violation of civil rights of Fontana's citizens.

    b.  Defendant **CITY OF FONTANA** fails to adequately train and supervise its officers on the laws of arrest for nonviolent crimes. Plaintiff is informed and believes, and on that basis alleges, the lack of training with respect to the laws of arrest is encouraged by the presences of secret gangs and cliques the Fontana Police Department, who exist to harass, intimidate and beat citizens throughout Southern California.

    c.  The Fontana Police Department has a long and troubled history involving unauthorized, exclusive and secretive Department groups consisting of sworn deputies, whose membership is based on a variety of factors, including station or unit assignment, ethnicity, involvement in excessive uses of force, intimidation of fellow deputies, and harassment of civilians.

**COMPLAINT FOR DAMAGES**

d. Fontana Police Department uses deceptive intimidation tactics and violence are not limited to conflicts within the Gang Unit itself or members suspected of violent crimes. The Fontana Police Department allows its officers to use violence and force on men, women, children share and share alike.

e. Providing inadequate training regarding the use of force;

f. Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, including **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5**, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

g. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by **CITY** officers, including **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5**,;

h. Failing to adequately discipline **CITY** officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

i. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving

**COMPLAINT FOR DAMAGES**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

j.   Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and violence on civilians, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people or assault innocent civilians.

63.   By reason of the aforementioned acts or omissions, plaintiff suffered bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress and financial loss.

64.   Defendants **CITY** and **SUPERVISORY DOES**, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

65.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, **CITY** and **SUPERVISORY DOES** acted with intentional, reckless, and callous disregard for the life and constitutional rights of Plaintiff. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants **CITY** and **SUPERVISORY DOES** were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

p-complaint.jap.docx                             15

**COMPLAINT FOR DAMAGES**

66. The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior shootings, which constituted excessive force, the number of false arrests within the City of Fontana, involving police officers working for the Fontana Police Department.

67. The following cases, without limitation, are examples of the deception, and brute and unreasonable force and continued misconduct by police officers working for the Fontana Police Department:

    a. In 2015, James Hall, a legally blind man with schizophrenia, was shot and killed by 5 Fontana Police Department officers at a gas station in Fontana. After responding to the call, officers entered the gas station with their guns drawn. A Fontana Police Officer shot his AR-15 rifle during the encounter. Hall was shot three times in the chest and the shoulder. Neither officer was disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the detention, arrest and shooting of Hall.

    b. On January 14, 2017, Officers Guillermo Bermudez and Matthew Sherwood knocked on Marlo Rayo's home at 1:14 a.m. after receiving a call regarding a loud party. After arriving at the home, Officer Bermudez drew his service weapon and pointed it at Marlo Rayo to gain entry into the home. The officers punched and kicked Mr. Rayo and beat him with flashlights and batons. The officers were not disciplined, reprimanded retrained, suspended, or otherwise penalized in connection with the detention and arrest of Rayo.

    c. On July 4, 2017, Officers John Parsons and Christopher Gonzales grabbed, kicked and used excessive force on Adam Lenter in the City of Fontana. Mr. Lenter suffered an eye fracture and related injuries.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES**

The officers were not disciplined, reprimanded retrained, suspended, or otherwise penalized in connection with the detention and arrest of Lenter.

d. On October 2, 2018, Ralph Lopez was detained by a group of plain clothed Fontana Police Department Officers in the City of Fontana. The three officers pulled behind Lopez, exited their vehicles, drew their service weapons and screamed for Lopez to put his hands in the air. While complying with commands, Fontana Police Department Officers shot Lopez in the hand, while the others punched Lopez in the face. There was no reasonable suspicion to stop Lopez or probable cause to believe he had committed a crime. The officers were not disciplined, reprimanded retrained, suspended, or otherwise penalized in connection with the detention and arrest and shooting of Lopez.

e. On December 30, 2018, Fontana Police Department Officers Justin Laing, Chris Tusant, Joshua Patty, Domenico Ancona, John Collopy and Mark Wyrick entered the home of Socoro Galban at 11:30 p.m. without a warrant, and held her, and her child at gun point for at least an hour. During the illegal detention, Fontana Police Officers admitted they raided the wrong home. The officers were not disciplined, reprimanded retrained, suspended, or otherwise penalized in connection with the detention and arrest of Galban.

68.    Accordingly, Defendants **CITY** and **SUPERVISORY DOES** each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

69.    Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES**

suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

**FIFTH CLAIM FOR RELIEF**

**False Arrest/False Imprisonment**

(By Plaintiff against Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5 and CITY)**

70.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

71.     Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** while working as undercover officers for the City of Fontana Police Department and acting within the course and scope of their duties, intentionally deprived Plaintiff of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. **Defendants Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** detained without reasonable suspicion and arrested him without probable cause.

72.     Plaintiff did not knowingly or voluntarily consent.

73.     Defendants knew or should have known the arrest of Plaintiff was without probable cause. Prior to the unlawful detention, Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5 were** provided a photograph of Donald Zsemonadi in addition to a physical description. Other than being African American, they two mean bear no resemblance.

74.     Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** detained Plaintiff for several hours by searching his home – at various points of time at gunpoint.

**COMPLAINT FOR DAMAGES**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

75.     As a direct and proximate result of the aforementioned conduct, Plaintiff loss of liberty, past and future earnings, and emotional distress, as set forth throughout this Complaint.

76.     The conduct of **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** was a substantial factor in causing harm to Plaintiff.

77.     Defendant **CITY** is vicariously liable for the wrongful acts of **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

78.     The conduct of **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5**was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

**SIXTH CLAIM FOR RELIEF**

**Battery (Cal. Gov't. Code §§815, 820)**

(By Plaintiff against Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5 and CITY)**

79.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

80.     Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** while acting within the course and scope of their employment with the **CITY** committed a battery on Plaintiff by intentionally punching Plaintiff, thereby using unreasonable and excessive force against him. At all relevant times, Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** were acting under color of state law.

81.   On March 14, 2019 at approximately 2:00 p.m., at or near Plaintiff's residence in the **City of Fontana, Defendants Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** punched, kicked, stomped and injured Plaintiff without there being an immediate threat of death or serious injury to anyone, thereby using excessive force against Plaintiff.

82.   At the time of the beating, Plaintiff was in the comfort of his own home alone. When Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** arrived on scene, they were driving unmarked vehicles. At the time of the beating, neither **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** were in uniform. Moreover, neither **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** identified themselves as an officer prior to the unlawful detention, arrest and use of force.

83.   The detention, arrest and use of force on Plaintiff was excessive and objectively unreasonable, especially because Plaintiff was unarmed and posed no immediate threat of serious bodily injury at the time to any officer or any other person. Further, Defendants'' use of force violated their training, standard police officer training, and generally accepted law enforcement standards.

84.   **Defendants Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** had no legal justification for using force against Plaintiff and the use of force was unreasonable and non-privileged. Moreover, Plaintiff did not knowingly or voluntarily consent to the use of force against him.

85.   **Defendants Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations. Pursuant to Section 820 of the California <u>Government Code</u>, a public employee is liable for injury caused by his act or omission to the same extent as a private person.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES**

86.     As a direct and proximate result of the aforementioned conduct, Plaintiff suffered damages, including physical injuries, emotional and mental distress, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.

87.     The conduct of **Defendants Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, therefore warranting the imposition of exemplary and punitive damages as to the individual defendants on this claim.

88.     **CITY** is vicariously liable for the wrongful acts of **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

89.     Plaintiff seeks compensatory damages, including for his physical injuries, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, past and future medical expenses, and other economic expenses.

### SEVENTH CLAIM FOR RELIEF

### Negligence (Cal. Gov. Code §820 and California Common Law)

(By Plaintiff against **Defendants Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** and **CITY**)

90.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

91.     Police officers, including Defendants **Collopy and Clabaugh, Does 1-5** have a duty to use reasonable care to prevent harm or injury to others. This duty includes, but is not limited to, not arresting persons without reasonable suspicion or probable cause, not using improper, suggestive, or coercive techniques to procure

**COMPLAINT FOR DAMAGES**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

arrests; investigating proper suspects; and not maliciously arresting innocent persons. Law enforcement agencies also have a duty to properly hire, train, and supervise police officer employees.

92.     Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** breached this duty of care. Upon information and belief, the actions and inactions of Defendants were negligent and reckless, including but not limited to the following:

        a.  the failure to properly and adequately assess the need to detain, arrest, and use force against Plaintiff;

        b.  arresting Plaintiff without probable cause or reasonable suspicion;

        c.  using excessive force on Plaintiff;

        d.  the negligent tactics and handling of the situation with Plaintiff, including pre-incident negligence;

        e.  the failure to properly train and supervise employees, both professional and non-professional, including **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5;**

        f.  the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff;

        g.  the negligent handling of evidence and witnesses; and

the negligent communication of information during the incident.

93.     Each of the Defendants knew or should have known the arrest of Plaintiff was false or procured by improper suggestion or influence. At all relevant times, Defendants knew or should have known Plaintiff was innocent.

94.     Defendant **CITY** also failed to properly hire, train, and supervise police officer employees in order to prevent the wrongful arrest of Plaintiff.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

95.    **CITY** is vicariously liable for the wrongful acts of **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

96.    Plaintiff suffered emotional distress also as a direct and proximate result of Defendant's conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered great pain and suffering and emotional distress, physical impairment, incurred medical expenses, and loss of enjoyment of his life. Also as a direct and proximate result of Defendants conduct as alleged above, Plaintiff suffered emotional distress and mental anguish.

## EIGHTH CLAIM FOR RELIEF

## Violation of Tom Bane Act (Cal. Civil Code §52 and 52.1 and California Common Law)

### (By Plaintiff against Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** and **CITY**)

97.    Plaintiff repeats and reallege each and every allegation of the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

98.    California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights. Moreover, "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing Cameron v. Craig, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); Bender v. Cnty. of L.A., 217 Cal. App. 4th 968, 976 (2013) ("an unlawful

**COMPLAINT FOR DAMAGES**

[seizure]—when accompanied by unnecessary, deliberate and excessive force—is []
within the protection of the Bane Act").

99.     On information and belief, Defendants **Collopy and Clabaugh Justin
Laing; Joshua Patty and Does 1-5** while acting within the course and scope of their
employment with the **CITY**, respectively, intentionally committed and attempted to
commit acts of violence against Plaintiff, including using excessive force on Plaintiff
without justification or excuse, by integrally participating and failing to intervene in
the above violence.

100.     Separate and apart from the shooting, **Collopy and Clabaugh Justin
Laing; Joshua Patty and Does 1-5** coerced, intimidated, and threatened Plaintiff,
including by detaining Plaintiff inside his home, tackling him to the ground and
injuring his body, when the officers were in unmarked vehicles and were not in
uniform and without announcing police presence. It was not necessary for **Collopy
and Clabaugh Justin Laing; Joshua Patty and Does 1-5** to tackle Plaintiff to the
ground to take him into custody, such that the use of force was independent from the
detention and arrest.

101.     When Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty
and Does 1-5 detained Plaintiff when the officers** were in unmarked vehicles and
were not in uniform and without announcing police presence without justification,
they interfered with his civil rights to be free from unreasonable searches and seizures,
to due process, to equal protection of the laws and to be free from state actions that
shock the conscience, and to life, liberty and property.

102.     On information and belief, Defendants **Collopy and Clabaugh Justin
Laing; Joshua Patty and Does 1-5** intentionally and spitefully committed the above
acts to discourage Plaintiff from exercising his civil rights, to retaliate against him for
invoking such rights, and/or to prevent him from exercising such rights, which he was
fully entitled to enjoy.

**COMPLAINT FOR DAMAGES**

103.    On information and belief Plaintiff reasonably believed and understood that the violent acts committed by Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** were intended to discourage him from exercising the above civil rights, to retaliate against them for invoking such rights, or to prevent them from exercising such rights.

104.    Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5**successfully interfered with the above civil rights of Plaintiff, and the conduct of **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

105.    **Defendants Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** are liable for Plaintiff's injuries, either because they were integral participants in the shooting and other misconduct, or because they failed to intervene to prevent these violations.

106.    At all relevant times, **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** were acting under color of law and within the course and scope of their employment with the CITY OF FONTANA.

107.    As a direct and proximate result of the aforementioned conduct, Plaintiff suffered damages, including physical injuries, emotional and mental distress, humiliation, anguish, lost wages, past and future medical expenses, and other economic expenses. Also as a direct and proximate result of the aforementioned conduct, Plaintiff endured pain and suffering.

108.    The conduct of Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5**was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, therefore warranting the imposition of exemplary and punitive damages as to the individual defendants on this claim.

109.    CITY OF FONTANA is vicariously liable for the wrongful acts of **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** pursuant to

**COMPLAINT FOR DAMAGES**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

section 815.2(a) of the California <u>Government Code</u>, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

110.    Plaintiff seeks compensatory damages, including for his physical injuries, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.

111.    Plaintiffs also seek reasonable costs, and attorney's fees against Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** under California <u>Civil Code</u> §52(b). Under the provisions of Cal. Civ. Code §52(b), Defendants **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5**are also liable for reasonable attorney's fees and a civil penalty of $25,000.00.

112.    CITY OF FONTANA is vicariously liable for the wrongful acts of **Collopy and Clabaugh Justin Laing; Joshua Patty and Does 1-5** pursuant to section 815.2(a) of the California <u>Government Code</u>, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.


## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Glenn Thomas, requests entry of judgment in his favor and against Defendants the City of Fontana, Adam Clabaugh; Officer John Collopy; Justin Laing; Joshua Patty and Does 1-10, inclusive as follows:

A.  For compensatory damages in an amount to be proven at trial, including damages for his serious physical injuries, for his pain and suffering, for past and future medical expenses, for past and future financial loss, and past and future mental and emotional distress;

**COMPLAINT FOR DAMAGES**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

B. For punitive damages against each individual Defendant in an amount to be proven at trial;

C. For interest;

D. For Attorney's Fees pursuant to 42 U.S.C. §1985 and 1988;

E. For Costs of Suit;

F. For such further other relief as the Court may deem just, proper, and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Dated: March 14, 2021

Respectfully Submitted,

**FILER | PALMER, LLP**

By: _____

Justin A. Palmer
Attorneys for Plaintiff
GLENN THOMAS

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

p-complaint.jap.docx                    27

**COMPLAINT FOR DAMAGES**